# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Howard Ferguson, | ) | |
|     Plaintiff, | ) | Case No: 13 C 6609 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Officer Mark George, Officer | ) | |
| Joseph Kurpiel, Jerry McRoy, | ) | |
| and City of Chicago, | ) | |
|     Defendants. | ) | |

## ORDER

For the reasons stated below, the Court denies defendant Jerry McRoy's motion to dismiss count 4 of the amended complaint [dkt. no. 35] and directs McRoy to answer that claim by no later than July 7, 2014.

## STATEMENT

Howard Ferguson has sued Chicago police officers Mark George and Joseph Kurpiel, the City of Chicago, and Jerry McRoy, pursuant to 42 U.S.C. § 1983 and state law. McRoy has moved to dismiss one of Ferguson's claims.

Ferguson alleges that he lived on the second floor at 3821 N. Cicero Avenue in Chicago pursuant to a lease agreement he entered into with the then-owner, Charles Kim, in 1997. The agreement provided that Ferguson would render certain services and that a year's notice was required in order for Kim to terminate the lease. McRoy acquired the building in October 2011 via an auction; the underlying circumstances are not described in Ferguson's complaint.

Ferguson alleges that McRoy determined to get him out of the building without taking the steps required by Illinois law to evict him. Rather, Ferguson alleges, McRoy worked in concert with the police. He alleges that on January 10, 2012, McRoy communicated with the defendant police officers in the vicinity of the property and reached an express agreement to enter Ferguson's residence, and then he entered the apartment along with the police officers, without a warrant, Ferguson's consent or any

other legal basis. The officers restrained Ferguson, placing him in handcuffs, and he alleges that they did so in a way that caused a wrist sprain.

Ferguson asserts claims against the officers under 42 U.S.C. § 1983 for excessive force, improper search, and improper detention. He also asserts a section 1983 claim against the officers and McRoy for conspiracy. Ferguson alleges that the defendants reached an agreement "to unlawfully search the Plaintiff's residence and seize the Plaintiff's person" in violation of his constitutional rights. Am. Compl. ¶ 40. Finally, Ferguson asserts a state law claim against the defendants, including McRoy.

Ferguson recently accepted an offer of judgment from the City of Chicago and the police officer defendants, leaving only McRoy as a defendant. McRoy has moved to dismiss the section 1983 conspiracy claim, the only federal claim against him. He argues that Ferguson's allegations of conspiracy are conclusory and insufficient.

The Court denies McRoy's motion. A conspiracy may be inferred from circumstantial evidence that reasonably would permit a finding that there was a meeting of the minds and a mutual understanding to achieve the conspiracy's objectives. *See, e.g., Sow v. Fortville Police Dept.*, 696 F.3d 293, 305 (7th Cir. 2011). Ferguson does not have to prove a conspiracy in his complaint; rather he simply has to plausibly allege a conspiracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He has done so. First of all, he has squarely alleged that McRoy and the officers got together and spoke just before the entry into his apartment. And he also alleges that McRoy entered the apartment along with the officers even though there was no warrant and no consent. The allegation of direct conversations followed by joint action of this character is enough to plausibly allege a conspiracy to enter the apartment without a proper legal basis. *See generally In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010). Whether Ferguson can actually prove a conspiracy is a matter that appropriately is addressed only after there has been an opportunity for discovery.

Though it is unnecessary to the Court's decision on McRoy's motion, the Court also notes that the other defendants agreed to entry of an adverse judgment, a judgment that included the same conspiracy claim that Ferguson asserts against McRoy. The

admissibility of this in a trial involving only McRoy is a matter to be addressed later, but the entry of a judgment that covers Ferguson's conspiracy claim arguably provides further support for the plausibility of the claim.

Date:   June 23, 2014                                  _____
                                                            MATTHEW F. KENNELLY
                                                            United States District Judge